-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD FORD,

                Plaintiff,

         -v-                              12-CV-0793A(Sr)
                                          **ORDER**
DR. PATHAK KAMAL-ELMIRA CORR. FACILITY,
et al.,

                Defendants.

_____

## <u>PROCEDURAL BACKGROUND</u>

Plaintiff, Richard Ford, currently an inmate at the Attica Correctional, filed this *pro se* action under 42 U.S.C. § 1983 alleging that the defendants, physicians at some of the correctional facilities at which plaintiff had been incarcerated, denied him adequate medical care in 2004 in response to his complaints of a "stabbing" pain he suffered in his face caused by a stabbing injury at the Clinton Correctional Facility in 2004. (*See* Docket No. 1, Complaint; Docket No. 6, Order ("Order"), at 1.) Specifically, plaintiff alleged that four of the five defendant physicians--Dr. Lee (Clinton), Dr. Taylor (Southport), Dr. Rehaney (Clinton) and Dr. Danziger--had neglected to follow routine medical care procedures and treatment when examining his face, had failed to locate the metal object left in his face as a result of the stabbing and had allowed the object to remain embedded in his face for such a lengthy period of time that it "traveled" to a more

dangerous spot on his face. (*See* Complaint, Claims 1-4; Order, at 4.)  With respect to the fifth physician, Dr. Kamal, plaintiff alleged that Dr. Kamal performed surgery to remove the foreign object from his face, but caused nerve damage because he believed Dr. Kamal failed to follow proper medical protocol. (Complaint, Fifth Claim; Order, at 4-5.)

The Court granted plaintiff permission to proceed *in forma pauperis* but because all of the alleged acts (or failures to act) occurred on specific dates, all of which fell between June 1, 2004 and November 11, 2004, the Court directed plaintiff to show cause why his complaint should not be dismissed on the basis of the statute of limitations. (Order, at 6-7 (citing *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (citation omitted.)  The Order noted specifically that plaintiff's response should "included any grounds plaintiff may wish to present regarding whether there is any basis to equitably toll the statute of limitations." (Id., at 7 (citing *Abbas*, 480 F.3d at 640-42.)

## DISCUSSION

Upon review of plaintiff's response to the Order (Docket No. 7, Response), the Court finds that plaintiff has not established any basis for the Court to equitably toll the statute of limitations and, accordingly, this action must be dismissed.

Plaintiff's Response first summarizes some of the allegations of the complaint relating to the alleged misconduct of the

defendant physicians, and then claims that he was first advised by a "paralegal" in the law library at Southport that he "could put in a 1983 claim as long as [he] basically receive[d] the [New York] [C]ourt of [C]laim[s] decision and that [he] put [his] notice of appeal within thirty days of the time limitation to submit . . . the notice of appeal kept [his] claim active." (Response, at "prt." 1-2.) Plaintiff then appears to claim that he was later advised by a law library "clerk" at Southport that nothing prohibited him from filing a complaint in federal court while his case was "playing out" in the Court of Claims.[1] (*Id.*, "prt." 2.) Petitioner claims that he his unfamiliar with the law and he only followed the advice given by the paralegal at Southport.

To be entitled to equitable tolling, a petitioner must show "that extraordinary circumstances prevented him from filing his petition on time" and that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.) (per curiam), *cert. denied,* 531 U.S. 840 (2000); *see also Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir.2004) (noting that, under federal law, equitable tolling is limited to

---

[1]As noted by the Court previously in its prior Order, at 7, n.2, plaintiff had referred to an action involving the same facts that are the subject of the instant matter that he filed in the New York Court of Claims in December, 2005 and which was dismissed by the Court of Claims in December, 2011. Plaintiff had stated that his appeal from the dismissal was pending in the Appellate Division of the New York Supreme Court. The Court of Claims decision to which plaintiff referred to was *Ford v. The State of New York*, #2011-049-108, Claim No. 111756, issued by the Court of Claims on December 22, 2011, and dismissed plaintiff's medical malpractice claim, which was based on his allegation that one of the defendants herein, Dr. Kamal, performed surgery on his face which resulted in recurring numbness and pain.

"rare and exceptional circumstances".) (citation omitted)). Courts in this Circuit have consistently rejected claims of equitable tolling based on a prisoner's ignorance of law or reliance on other inmates for assistance. *See Bowman v. Walsh*, 2007 WL 2815711, at *2 (E.D.N.Y. Sept. 25, 2007) (collecting cases); *see also United States v. Cicero*, 214 F.3d 199, 204-05 (D.C.Cir.2000) (denying equitable tolling where petitioner had entrusted the processing of his legal documents to a jailhouse lawyer); *Urena v. Brown,* 2007 WL 3284646, at *2 (S.D.N.Y. Nov. 5, 2007) (rejecting petitioner's claim that he faced an "extraordinary circumstance" warranting equitable tolling because he received erroneous advice from an inmate legal library clerk*); Huang v. United States*, 2003 WL 22272584, at *2-3 (S.D.N.Y. Oct. 2, 2003) (noting that the courts in the Southern District have "unanimously found" that a "lack of familiarity with the legal system" does not merit equitable tolling). "[Inmate] had ultimate responsibility for managing the preparation and timely filing of his habeas petition, and neither his entrusting some aspect of it to another person, or his own ignorance of the filing deadlines, constitutes sufficient 'extraordinary circumstances' to warrant equitable tolling." *Hamilton v. Warden of Clinton Correctional Facility*, 573 F.Supp.2d 779, 780-81 (S.D.N.Y. July 1, 2008) (citing Menefee, 391 F.3d at 175, 177; *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir.2001)).

Accordingly, plaintiff's complaint is barred by the applicable statute of limitations, *see* Order, at 5-6, and the complaint is dismissed with prejudice.

## CONCLUSION

For the reasons discussed above, the complaint is dismissed with prejudice on the basis that it is barred by the statue of limitations.  Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

5

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:     February 18, 2015
           Rochester, New York